Okay, the next case is People of the State of Illinois v. Ryan Karabec. And Ms. Hamden, are you ready to proceed? Yes, Your Honor, thank you. Please do so. I'll be brief. I'm just here to address a couple of points in the reply. The defendant in this case entered into a fully negotiated plea agreement and agreed to pay a $475 prostitution to the Carlisle Police Department, subsequently violated probation and was re-sentenced to a term in the Department of Corrections. The defendant seeks the vacation of the restitution award because the police department is not ordinarily competent with conviction in the restitution statute. However, as this Court held in People v. Lawrence, because the restitution order was a term of the fully negotiated plea agreement, it is enforceable. The only exception recognized in Lawrence was if the plea agreement was involuntary or uninformed. And in the reply brief, the defendant first claims that Lawrence was wrongly decided or not applicable here, but doesn't explain that claim, and Lawrence is still good law. Second, in the reply brief, the defendant claims for the first time that the Lawrence exception applies, that the plea was involuntary or unknowing, specifically because the record of the plea hearing does not prove that he was informed that police usually cannot receive restitution awards under the restitution statute. However, apart from the unanswered question of whether that would be required for a knowing and voluntary plea, the defendant has not met his burden of proving error on the record. In Lawrence, this Court was presented with the same question, and because it found no indication on the record that the plea was unknowing or involuntary, it affirmed the imposition of the restitution award. However, the reply brief also suggests for the first time that if the restitution order was not reimposed at resentencing, then it no longer exists and he should win the return of any money paid to satisfy it prior to the imposition of the resentence. However, if the restitution order was not reimposed, then this Court has no jurisdiction to award any relief related to it unless the order was void, which under Lawrence it was not. Second, there would be some issues of waiver because the defendant did not previously ask for this form of relief at resentencing or, indeed, in the opening brief. And finally, the defendant has proposed in the reply brief no factual or legal basis for such a refund, no factual basis because the record does not plainly state whether the defendant did satisfy any portion of the restitution award, no legal basis because the reply brief contains no citation to any form of authority for the proposition that such refunds are appropriate. I have no further prepared remarks. Can you tell from the record whether the police ever received any restitution? No. In the, I believe this is the resentencing reporting, in some document in the record, it does state prior to the resentencing that the defendant had satisfied $800 in worth of his total monetary penalties that had been imposed. However, it's not, and while it's true that the $800 is the same amount of money that the record does show the police department gave to a confidential informant to buy drugs from the defendant, it's not specifically stated in the record whether that's the same $800. None of the clerk's records of accounting as to how they distributed the funds are contained within the record? No. Okay. You had made, I think you made the point in your brief that the restitution was not a condition of the sentence on the probation revocation. At least I thought you made that point. I beg your pardon? That when he was resentenced the judge did not impose the restitution as a penalty. That's true, Your Honor. At the resentencing, the judge imposed fines and costs originally imposed, and in the opening brief, sorry, in the answer brief, we noted that restitution is not a fine and it's not a cost in the sense of, say, court costs or cost of prosecution. Right. So if that is correct, then there'd be no issue and there's no way of learning what they did with the $800 either. If it's true that the order was not, that the restitution order was not reimposed as part of the resentence, then as is argued in the answer brief, this court would not have jurisdiction at this point to consider. You're right. To go back anyways because there'd be no jurisdiction. To consider vacating it unless the order was void, which the people argued that it was not under Lawrence because it was a term of the negotiated agreement. Right. Okay. Thanks for coming.